UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY POLICY ADVOCATES )
170 S. Lincoln Street )
Suite 150 )
Spokane, WA 99201 )
             Plaintiff, )
    v. )   Case No. 21-cv-2013
     )
UNITED STATES DEPARTMENT OF )
TRANSPORTATION )
1200 New Jersey Avenue, SE )
Washington, DC 20590 )
     )
             Defendant. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES for its complaint against Defendant UNITED

STATES DEPARTMENT OF TRANSPORTATION, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

for declaratory, injunctive, and other relief, seeking immediate processing and release of

agency records responsive to Plaintiff's request following the Department of

Transportation's failure to comply with the express terms of FOIA, and to fulfill its

obligation to make a "determination" as that term is defined in *Citizens for Responsible*

*Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir.

2013).

## PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the

State of Washington and dedicated to transparency and open government. Energy Policy

Advocates uses state and federal open records law to inform the public on the operations of

government including private influences on government policymaking and other actions.

3. Defendant United States Department of Transportation ("DoT," or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. EPA is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

7. Further, EPA has no obligation to exhaust administrative remedies with respect to its FOIA request. See, e.g, *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

8. Plaintiff submitted the FOIA request to Defendant that is at issue in this case by electronic mail to ost.foia@dot.gov on April 13, 2021. The request sought certain described correspondence of employees Carlos Monje and/or Dani Simmons over just a two-week period of time that includes anywhere the term "19 million jobs."

9. The requested records will inform the public of the genesis of the genesis of a claim being deployed to promote a massive expansion of federal government programs and spending. That claim was a talking point of the Secretary of Transportation that became the subject of substantial national media interest and, when Defendant was asked to support the claim, rescission by the Secretary. "[T]he hefty proposal would likely result

in about 2.7 million jobs." (Kelly Hooper, "Buttigieg walks back claim that infrastructure plan will create 19M jobs," Politico, April 11, 2021, https://www.politico.com/news/2021/04/11/buttigieg-infrastructure-jobs-million-480828).

10. The public deserves to know, without further delay, the genesis of this tendentious and soon walked-back claim and its "clarification," neither of which represent policy for which there is a legitimate "pre-decisional" rationale for withholding information. Instead, such claims were pure political rhetoric (albeit rhetoric advanced in official capacities with serious potential economic and other national consequences).

11. Defendant received the request on the same day it was sent, and assigned it tracking number "File No. 2021-237," with an acknowledgement letter dated the next day.

12. That letter stated that at some point in the future someone would inform Plaintiff of Defendant's determination on Plaintiff's request for fee waiver, and that at some point in the future it would respond to Plaintiff's request.

13. As Plaintiff informed Defendant in the request at issue here, other federal agencies have acknowledged Plaintiff's status as a media outlet (*e.g.,* Securities & Exchange Commission Request No. 21-00769-FOIA; Department of the Interior Request No. DOI-OS-2021-003335).

14. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any

documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013.

15. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the Department's receipt of the requester's response to the Department's request for information or clarification ends the tolling period.

16. Defendant has provided no further response after declining to make a determination on Plaintiff's request for fee waiver, and Defendant's correspondence conveying that at some point in the future it would respond to Plaintiff's request, which correspondence was dated April 13, 2021.

17. Defendant DoT continues to improperly deny Plaintiff access to agency records in violation of FOIA, and further declines to make the statutorily required "determination" regarding when the Plaintiff might expect to be granted access to the documents it has requested.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

18. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

19. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

20. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

21. Plaintiff is not required to further pursue administrative remedies.

22. Plaintiff asks this Court to enter a judgment declaring that:

    a.   Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b.   DoT's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy DoT's obligations under FOIA;

    c.   DoT must now produce records responsive to Plaintiff's request, and must do so at no cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

23. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

24. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein at no cost to the Plaintiff.

25. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto.

26. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and

a briefing schedule for resolution of remaining issues associated with Plaintiff's
challenges to DoT's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

27. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if
fully set forth herein.

28. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States
reasonable attorney fees and other litigation costs reasonably incurred in any case
under this section in which the complainant has substantially prevailed.

29. This Court should enter an injunction or other appropriate order requiring the
Defendant to pay reasonable attorney fees and other litigation costs reasonably
incurred in this case.

### PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant
complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the
requested records and failing to notify Plaintiff of a final determination within the
statutory time limit;

3. Declare the documents sought by the request, as described in the foregoing
paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20
business days of the Court's order and at no cost to the Plaintiff;

5.  Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred

   pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.  Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 26th day of July, 2021,

ENERGY POLICY ADVOCATES
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com